IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

    Plaintiff,

v.                                                                                                                  Civ. No. 24-986 GBW

ASHLEY CHENOT, *et al.*,

    Defendants.

### ORDER GRANTING MOTION FOR CLARIFICATION, GRANTING AN EXTENSION OF TIME TO FILE THE LONG FORM APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING LEAVE TO FILE ELECTRONICALLY

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion to Show Cause. Doc. 13.

Plaintiff filed a motion to proceed *in forma pauperis* using an "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)." Doc. 2. The Court notified Plaintiff that the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees and ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See* doc. 6. Plaintiff did not file a Long Form Application by the November 14, 2024, deadline. The Court ordered Plaintiff a second time to file a Long Form Application. *See* doc. 8. Plaintiff did not file a Long Form Application by the December 4, 2024, deadline.

1

Plaintiff filed his instant Motion stating he finds the orders for a Long Form Application to be unconstitutional and that he "was already granted IFP status in another case using the Short Form" and the Short Form Application he filed "clearly shows" his impoverished status and that he cannot afford the filing fees. *Doc. 13.* The Court construes Plaintiff's Motion as asking the Court for clarification because Plaintiff asks the Court "to identify and cite the pertinent Article of the Constitution where a Long Form IFP form is necessary." *Id.* at 1.

There are no provisions in the Constitution regarding the Long Form Application. Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

2

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).

The Court generally requires plaintiff to file a Long Form Application because the Short Form Application does not provide information regarding a spouse's resources. The Long Form Application expressly prompts the plaintiff to provide information regarding their spouse's income, money in cash and bank accounts, assets and monthly expenses. Whether a plaintiff has access to a spouse's resources will affect a plaintiff's ability to prepay the fees. *See Crownhart v. Walmart*, 2022 WL 816985 *1 (10th Cir. 2022) (affirming district court's denial of application where district court found that plaintiff could afford to pay the required fees based on the combined income of plaintiff and her spouse); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015) (stating "the magistrate judge was entitled to consider what access [plaintiff] had to other assets").

The Court grants Plaintiff a 21-day extension from the date of entry of this Order to file the Long Form Application. If Plaintiff has a spouse, the Long Form Application must include the spouse's income and expenses; Plaintiff must include an explanation if he does not have access to his spouse's resources. If Plaintiff does not have a spouse, he must indicate so on the Long Form Application. Plaintiff previously indicated he "is also in pursuit of new work." *See doc. 7*. The Long Form Application must reflect Plaintiff's current income. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) ("a

person's financial fortunes can change dramatically in a short period of time . . . an application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status.").

Finally, because 28 U.S.C. § 1915(a)(1) excuses only "prepayment of fees," Plaintiff remains responsible for paying the full filing fee.

**Notice Regarding Magistrate Judge Assignment**

Plaintiff states: "On 9/26/24, the Plaintiff submitted the form to REFUSE a Magistrate Judge – in pursuit of his Constitutionally protected Right to an Article III Judge. This form was ignored and justice is now being delayed, impeded, and currently denied." *Doc. 13* at 1.

The Court has not ignored Plaintiff's form refusing to consent to proceed before a Magistrate Judge. The "Consent to Proceed / Refusal to Consent to Proceed before a United States Magistrate Judge" form clearly indicates it seeks consent/refusal to a United States Magistrate Judge "to conduct dispositive proceedings in this case" in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. *Doc. 3*. Section 636(c) and Rule 73(b) allow a Magistrate Judge to conduct all proceedings in a civil action if all parties consent. Plaintiff filed his consent/refusal form prematurely because this case has not been assigned to a Magistrate Judge pursuant to Section 636(c) and Rule 73(b). Plaintiff may refuse to consent to the Magistrate Judge assigned to preside over this action which will result in an Article III Judge being

4

assigned to this case. The undersigned was assigned to this case to conduct non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 73(a) of the Federal Rules of Civil Procedure. Section 636(b)(1)(A) and Rule 73(a) do not require a party's consent to a Magistrate Judge conducting non-dispositive pretrial matters.

**Notice Regarding Electronic Filing**

Plaintiff has been filing his documents in this case electronically. Plaintiff did not file a motion for leave to file electronically. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account").

The Court grants Plaintiff permission to file electronically in this case only. The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.

**Second Notice Regarding Compliance with Court Orders and Rules**

The Court previously notified Plaintiff and notifies Plaintiff again: (i) of his obligation to become familiar with and to comply with the Federal and Local Rules of Civil Procedure; (ii) failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may result in monetary and non-monetary sanctions including

5

filing restrictions and dismissal of this case; and (iii) of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See doc. 6.*

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Show Cause (*doc. 13*) is **GRANTED.**

(ii) Plaintiff is **GRANTED** an extension of time, **to 21 days after entry of this Order,** to file a Long Form Application.

(iii) Plaintiff is **GRANTED** permission to file electronically in this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE