IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

    Plaintiff,

v.       Civ. No. 24-986 KWR/GBW

ASHLEY CHENOT, *et al.*,

    Defendants.

## ORDER GRANTING MOTION FOR *IN FORMA PAUPERIS* STATUS AND ORDER FOR ADDRESSES FOR SERVICE

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion for In Forma Pauperis, Summons, Service, Expedited Hearing and Trial ("Motion"). *Doc. 18*.

**Order Granting Motion for *In Forma Pauperis* Status**

Plaintiff asks the Court to grant him *in forma pauperis* status and attached an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See id.* at 2; doc. 18-1.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $721.00; (ii) Plaintiff has $105.00 in cash and a negative total balance of $64.00 in three bank accounts; and (iii) Plaintiff's monthly expenses total $1,400.00. *See doc. 18-1*. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses exceed his low monthly income.

**Order for Addresses for Service**

Plaintiff asks the Court "to issue service to the defendants." *Doc. 18* at 2. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Plaintiff's Motion for service does

not provide Defendants' addresses. *See doc. 18* at 2. The Court orders Plaintiff to file a notice that provides Defendants' addresses.

**Motion for Expedited Hearing and Expedited Trial**

Plaintiff moves the Court to expedite a hearing and a trial. *See id.* at 3. This case will proceed according to the Federal and Local Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that:

(i) Plaintiff's Motion for In Forma Pauperis, Summons, Service, Expedited Hearing and Trial (*doc. 18*) is GRANTED.

(ii) Plaintiff shall, **within 21 days of entry of this Order**, file a notice that provides the address for each Defendant. Failure to timely provide the address for each Defendant may result in dismissal of claims against those Defendants.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE