IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL RENE LOPEZ,

    Plaintiff,

    v.                                                                                    Case No. 1:24-cv-986 KWR/LF

ASHLEY CHENOT, COMPA INDUSTRIES, Inc., and
STRATIFY, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Second Motion for Extension to Show Cause for Subject Matter Jurisdiction and Leave to Amend (Doc. 39). This is Plaintiff's second post-judgment motion in this case. Plaintiff seeks leave to amend his complaint to identify the citizenship of the parties, but does not set forth the facts he would include in his amended complaint, or attach his proposed complaint as required under the local rules. Plaintiff also effectively requests that the Court vacate its judgment but does not establish a ground for the Court to vacate its judgment. For the same reasons the Court denied Plaintiff's first post-judgment motion, the Court denies this one as well. Having considered the law and the record, the Court finds that Plaintiff's Second Motion for Leave to Amend is not well-taken and therefore is **DENIED**.

**I.**    **The Court declines to grant leave to amend.**

Plaintiff moves for leave to amend his complaint to identify the citizenship of the parties. However, Plaintiff's motion for leave to amend does not set forth the facts he would include in his amended complaint or include his proposed amended complaint as required by local rules. Rule

7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed. R. Civ. P. 7(b)(1). "We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). It is not arbitrary or capricious for a district court to deny leave to amend where a party failed to file an adequate motion for leave to amend. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *Glenn v. First National Bank in Grand Junction,* 868 F.2d 368, 369–72 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon.").

Similarly, Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has also noted the importance of attaching a proposed amended complaint to a motion for leave to amend. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (*pro se* plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)."). Thus, the Court may deny a motion for leave to amend where a proposed amended complaint is not attached to the motion.

2

Here, before entry of judgment the Court issued orders to show cause why these cases should not be dismissed for lack of subject matter jurisdiction. In those orders to show cause, the Court set forth the relevant standards Plaintiff would have to meet, including the definitions of citizenship for individuals, corporations, and LLCs. Plaintiff responded to the order to show cause, but he generally did not assert factual allegations establishing the citizenship of the parties. The Court concluded that Plaintiff did not establish subject matter jurisdiction either in his complaint or in his responses to the orders to show cause. Following the entry of judgment, Plaintiff moved for leave to amend his complaint, but did not assert factual allegations in his motion which would establish subject matter jurisdiction. In his Second Motion for Leave to Amend, Plaintiff does not identify the facts he would include in the amended complaint, much less additional facts which he did not already include in his responses to the orders to show cause. His motion summarily requests leave to amend to identify the citizenship of the parties. Finally, Plaintiff has not attached a proposed amended complaint. Therefore, the Plaintiff's motion for leave to amend is not well-taken and therefore is denied.

## II. The Court declines to set aside the judgment.

Next, because Plaintiff files a motion for leave to amend after the entry of judgment, he must also satisfy Rule 59(e) for setting aside judgments. *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005); *see also BLOM Bank SAL v. Honickman,* 145 S. Ct. 1612, 1619, 221 L. Ed. 2d 850 (2025). Plaintiff has not argued or satisfied this standard.

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000));

*see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

However, "[Rule 59(e)] 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Moreover, this is Plaintiff's second post-judgment motion. "Absent extraordinary circumstances, not present here, the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete,* 204 F.3d at 1012.

Here, the grounds for reconsideration in his second post-judgment motion are largely the same as in his first motion. Plaintiff has not argued or demonstrated that the court committed clear error or manifest injustice. Rather, he appears to seek to relitigate old matters or raise arguments or present allegations that could have been raised prior to judgment. Moreover, he does not assert that he has new evidence which was unavailable prior to the entry of judgment, or explain why he could not have presented such evidence prior to the entry of judgment.

Plaintiff asserts that the Court should have allowed him jurisdictional discovery. The Court has discretion to allow jurisdictional discovery. "[T]he burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on

4

the party seeking the discovery." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010). Prior to judgment, the Court issued an order to show cause explaining that Plaintiff failed to plead factual allegations alleging diversity jurisdiction, such as the citizenship of all parties. As explained in the opinion entered dismissing this case, Plaintiff had the burden of establishing diversity jurisdiction in his complaint. The Court gave him the opportunity to assert factual allegations establishing diversity jurisdiction in his response to his order to show cause, and he did not do so.

In his response to the OSC, Plaintiff summarily requested discovery if the Court found his response to the order to show cause insufficient, but he did not explain with specificity what discovery he needed or why he needed discovery. Here, there was no factual dispute which necessitated discovery to resolve. Plaintiff had the burden to allege diversity jurisdiction at the time he filed his complaint. But Plaintiff simply failed to plead factual allegations supporting diversity jurisdiction, such as by failing to plead the citizenship of some parties at all. For example, the Court set out the legal standard for identifying the citizenship of an LLC, i.e., that it takes the citizenship of each of its members. Plaintiff failed to identify the members of the LLCs and failed to plead facts identifying their citizenship. He did not request discovery to identify the members of the LLCs. Plaintiff also failed to plead factual allegations in his response to the OSC and did not explain why he was unable to do so.

Moreover, Plaintiff had the burden of identifying the documents or material he would have sought in discovery. *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 (10th Cir. 2010). In his response to the OSC, Plaintiff generally did not identify what he would have sought in discovery. Moreover, the discovery he did identify would not have demonstrated diversity jurisdiction. Plaintiff asserts that he needed discovery to identify voter

5

registration, bank account information, tax information, or publicly available data. Plaintiff does not explain why he would need discovery from defendants to obtain publicly available data. Moreover, bank account and tax information was ultimately not necessary to *plead* factual allegations of the citizenship of the parties, such as setting forth the identities of the members of the LLC and the citizenship of the members.

Although Plaintiff asserts that the Court should allow him to amend his complaint to plead diversity jurisdiction, he does not address the Court's alternative basis for dismissal, *i.e.*, that his complaint failed to state a claim. Plaintiff does not argue or demonstrate that the Court erred in finding his complaint failed to state a claim.

Finally, the Court has assumed Rule 59(e) applies to this second post-judgment motion because it was filed within 28 days of the entry of judgment. However, assuming Rule 60(b) applies, Plaintiff's motion still fails. Rule 60(b) allows relief from a final judgment, order, or proceeding in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)–(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate ... when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Here, Plaintiff has not identified any basis under Rule 60 to grant post-judgment relief. Plaintiff has not argued Rule 60(b) or otherwise demonstrated that the Court should set aside judgment under this standard. The Court concludes that Plaintiff is not entitled to relief under Rule 60(b).

Therefore, Plaintiff's second motion for leave to amend is denied for the alternate reasons above.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion for Extension to Show Cause for Subject Matter Jurisdiction and Leave to Amend (Doc. 39) is **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

Case 1:24-cv-00986-KWR-LF   Document 40   Filed 08/15/25   Page 7 of 7